IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-31,852-03






EX PARTE CHRISTOPHER RYAN TROLLINGER, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 13,765 IN THE 258TH JUDICIAL DISTRICT COURT


FROM POLK COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of one count of
unlawful possession of a firearm by a felon and one count of aggravated assault, and was sentenced
to twenty years' imprisonment for the unlawful possession of a firearm by a felon count, and sixty
years' imprisonment for the aggravated assault count. He did not appeal his conviction.

 Applicant contends, inter alia, that his trial counsel rendered ineffective assistance because
counsel failed to investigate Applicant's history of psychological problems, head injury, drug abuse,
and psychiatric hospitalization. Applicant also alleges that counsel failed to have him evaluated for
competency to stand trial. Counsel has provided affidavits in which he states that despite
Applicant's uncontrollable behavior and inability to hold a rational conversation with counsel, he
did not investigate Applicant's mental health history or request that he be evaluated for competency
to stand trial. Counsel states that he performed little or no pre-trial investigation because he had
been informed that the complainant, Applicant's brother, would not testify. This proved to be
incorrect. The State responds that there is nothing in the court's file or transcript to indicate that
Applicant's behavior was bizarre or irrational at the time of trial. However, because Applicant did
not appeal, this Court does not have access to a trial transcript.

 On May 11, 2011, this Court remanded to the trial court to obtain additional information to
address Applicant's allegations. This Court ordered the trial court to provide Applicant's trial
counsel with the opportunity to respond in greater detail to Applicant's claim of ineffective
assistance of counsel. Specifically, this Court ordered that trial counsel describe more specifically
what behavior Applicant engaged in which leads counsel to believe in retrospect that he was not
competent to stand trial. This Court also ordered the trial court to supplement the habeas record with
a copy of the trial transcript, if such a transcript exists. 

 On August 23, 2012, this Court received the supplemental record, consisting only of the trial
court's findings of fact. The trial court finds, inter alia, that the habeas record has been
supplemented with a copy of the trial transcript. The trial transcript was not included in the
supplemental record, and this Court has been unable to obtain a copy of such transcript from the Polk
County District Clerk. 

 Without the trial record, the trial court's findings of fact after remand are unsupported. The
record is necessary to fully address Applicant's claims. Therefore, this application will be held in
abeyance until the trial court has supplemented the habeas record with a copy of the trial record. The
record shall be prepared within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: March 27, 2013

Do not publish